The opinion of the Court was delivered by
Dunkin, J.
By the third clause of the testator’s will it is substantially declared that he had already, by a deed of gift to the plaintiff and her children of certain real and pe/sonal estate, given to her what was to be regarded as her share of her estate. Eecognizing the validity of that gift/the testator ordains that it shall be held “ in lieu of any further share or part of his estate.” The plaintiff held the property which had been given to her under a title independent of the will, and beyond the control of the testator. Any attempt on his part to engraft on the title any contingent limitation, as was done in relation to the bequests to his other children, would have been manifestly inoperative and futile. When, therefore, he provides, in the eleventh clause of his will, that, in the event of the death of any of his children under twenty - one years of age, or without leaving issue, their share should revert back to his estate, and be equally divided among his surviving children, he had no intention to exceed his powers, and cut down the estate already irrevocably vested in the plaintiff. Her absolute rights could not be thus abridged, and the Court would not readily impute to the testator any such intention. When, therefore, he declares that, “ should any of his children die,” &c., “their share shall be divided equally among his (testator’s) surviving children,” he referred to those children of whose shares he had authority to dispose, and not to the plaintiff, (although one of his children,) but whose share was beyond his control. As, in the event of the *276 plaintiff’s death without leaving issue, the surviving children of the testator would (under the provisions of the will) take no part in her share of the estate, so, in the correlative contingency, the plaintiff' is not entitled to participate in the share-of a deceased brother or sister.
Such is the construction adopted by the Chancellor, and by it the several clauses of the will are rendered consistent and harmonious.
It is ordered and decreed that the appeal be dismissed.
Wardlaw and Withers, J. J., concurred.

Decree affirmed.